I must dissent from the result reached by the majority in this case. While I agree with the statement of the law applicable in this case, I must, however, disagree with the majority's application of that law to these facts.
The plaintiff appeals from a verdict directed for the defendants granted at the close of plaintiff's evidence. Thus, on review, we must decide the elements of plaintiff's prima facie case for the intentional interference with contractual or business relations, and then, viewing the evidence, and all reasonable inferences arising therefrom, in the light most favorable to the plaintiff, we must determine whether she has adduced at least a scintilla of evidence as to each of those elements. Thomaston v. Thomaston, 468 So.2d 116
(Ala. 1985).
The majority concludes that the plaintiff failed to adduce any evidence whatsoever establishing that the defendants were acting outside the scope of their authority in treating the plaintiff in the manner in which she claims (and they apparently concede) they did. The majority apparently overlooks the fact that, in their brief on appeal to this Court, thedefendants adopt the statement of the facts of this case as setout in the plaintiff's brief. Without question, those facts and all the reasonable inferences therefrom, to which defendants, in effect, stipulate, provide more than a scintilla of evidence that the defendants' actions in this case were outside the scope of their authority. To illustrate, I quote at length from the plaintiffs statement of facts:
 "As Plaintiff-Appellant would do her work, Defendant-Appellee Jack would go behind her to change it to make it appear that Plaintiff-Appellant was doing it wrong and that Defendant-Appellee Jack was doing it right. . . . Defendant-Appellee Jack jumped up and started hollering and screaming at Plaintiff-Appellant that she would do as she pleased *Page 242 
and Plaintiff-Appellant would have to go along with it. Apparently, Defendant-Appellee Reed had heard Defendant-Appellee Jack screaming and hollering at Plaintiff-Appellant. . . . At a meeting with Administrator Hill, Plaintiff-Appellant and her Husband, Defendant-Appellee Reed admitted that Plaintiff-Appellant had never been offered the position of Central Supply Supervisor or even knew of the position, contrary to what he had previously claimed. . . . Defendant-Appellee Jack changed the whole supply inventory system and told Employee Kathy Reeves Garrison not to tell Plaintiff-Appellant about the change. . . . Plaintiff-Appellant had to resign due to health problems caused by the harassment and interference of Defendants-Appellees Reed and Jack. . . . Defendant-Appellee Jack willfully deceived and lied regarding the incidents about Plaintiff-Appellant. Defendant-Appellee Jack ordered Plaintiff-Appellant to be on a certain floor at 7:00 a.m. but also knew she couldn't start work without the Admission Cards from the Admitting Office at another location. Defendant-Appellee Jack wrote up Plaintiff-Appellant knowing she was following her [Jack's] order. . . . The main Administrator of the Hospital was aware of the interference with Plaintiff-Appellant's work. . . . Administrator Hill told Plaintiff-Appellant that Associate Administrator and Defendant-Appellee Reed had been to the Board of Directors of the Hospital asking for his job and that was the reason that he did not intervene on Plaintiff-Appellant's behalf. . . ." (Emphasis added.)
Even the majority would have to agree that, based on these facts, it would be more than reasonable to infer that, in sabotaging the plaintiff's work, and then subsequently lying and harassing plaintiff about her work performance, the defendants were acting outside their respective scopes of authority as an administrator and a supervisor. Moreover, surely if a criminal defendant can be held on appeal to have stipulated to the propriety of a facially improper and irregular grand jury proceeding (see Ex parte Hayes,507 So.2d 995 (Ala. 1987), then a civil defendant can also stipulate to facts which constitute plaintiff's prima facie case.
For these reasons, I would reverse the judgment below based on the verdict directed in favor of the defendants and remand the case for further proceedings.
JONES and ALMON, JJ., concur.